# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* A.Y.

No. 19-1015 (Wood County 18-JA-196)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.G., by counsel Heather L. Starcher, appeals the Circuit Court of Wood County's October 4, 2019, order terminating her parental rights to A.Y.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Courtney L. Ahlborn, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion to continue the dispositional hearing, denying her motion for a post-adjudicatory improvement period, and terminating her parental rights upon insufficient evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2018, the DHHR filed an abuse and neglect petition alleging that petitioner suffered from chronic substance abuse issues that resulted in her inability to properly parent the child. The petition also alleged that petitioner's parental rights to her older children were previously involuntarily terminated upon this same issue. Following the petition's filing, the matter was continued several times due to issues regarding service upon petitioner. Ultimately, petitioner stipulated to the allegations against her at an adjudicatory hearing in September of 2019.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

In October of 2019, the circuit court held a dispositional hearing. Petitioner did not attend, although she was represented by counsel who moved for a continuance in order to determine the reason for petitioner's absence. According to counsel, she had not had contact with petitioner since the prior hearing. The court found that there was no basis for a continuance and denied the motion. Petitioner's counsel additionally addressed the pending motion for a post-adjudicatory improvement period, which motion the circuit court also denied before proceeding to hear evidence in regard to disposition. The DHHR argued in favor of termination of petitioner's parental rights, given that her substance abuse issues continued unabated across two separate proceedings, both of which she failed to participate in. According to the DHHR, petitioner entered a substance abuse treatment program but abandoned the program shortly after entry. Further, the DHHR established that petitioner failed to participate in any services or otherwise communicate with her service providers. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was in the child's best interests. As such, the circuit court terminated petitioner's parental rights to the child.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in denying her motion to continue the dispositional hearing. However, just as at the hearing below, petitioner offers no valid excuse for her absence. Instead, she simply alleges that because she was not in attendance, and because she believes that continuing the hearing would not have significantly delayed the case or caused the child harm, a continuance was warranted. We disagree. This Court has previously held that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion." *Tiffany Marie S.*, 196 W. Va. at 235, 470 S.E.2d at 189 (citation omitted). In light of petitioner's failure to assert, let alone establish, that her

---

[2]The father's parental rights were also terminated below. According to respondents, the permanency plan for the child is adoption in the current foster home.

lack of attendance at the dispositional hearing was a result of a legitimate issue, we decline to find an abuse of discretion in the circuit court's denial of petitioner's motion to continue.

Next, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period. According to West Virginia Code § 49-4-610(2)(B), a circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." Again, as in the circuit court, petitioner cites to no evidence on appeal in support of her position or to otherwise show that she was likely to fully participate in an improvement period if one had been granted. Further, "[t]his Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the miscreant parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). According to petitioner, she was "clearly seeking ways to address any substance abuse issues she may have had," although she cites to no evidence to corroborate this assertion. Petitioner admits that she left a treatment program prior to its completion, but argues that the circuit court "seemingly ignored her efforts" to remedy the conditions of abuse and neglect in denying her motion. We find, however, that the circuit court did not ignore the meager steps petitioner took toward remedying the conditions of abuse and neglect. Instead, the circuit court properly considered petitioner's failure to comply with her treatment program as evidence of her inability to correct the conditions of abuse and neglect. Indeed, this Court has held that circuit courts have the discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). As such, we find no error in the denial of petitioner's motion for a post-adjudicatory improvement period.

Finally, petitioner argues that termination of her parental rights was erroneous because there was insufficient evidence to establish that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected. Again, however, petitioner fails to cite to any evidence that would cause this Court to call the circuit court's finding on this issue into question. Put succinctly, the evidence below showed that petitioner's parental rights to older children were involuntarily terminated in a prior proceeding due to her substance abuse that continued, unabated, throughout the pendency of the current proceeding. Other than her failed attempt at a rehabilitation program, the evidence shows that petitioner took no steps to remedy her substance abuse issue. According to West Virginia Code § 49-4-604(c)(3) (2019),[3] a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future includes when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the evidence overwhelmingly supports this finding.

According to petitioner, because she shared a strong emotional bond with the child, the circuit court should have imposed a less-restrictive dispositional alternative. Petitioner argues that the child lived with her for the child's "whole life," which petitioner admits was approximately six

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

months. Given that petitioner yet again cites to no evidence in support of her assertion that she and the child shared a strong bond, we find this argument unavailing, especially in light of the fact that "[o]ur cases indicate that a close emotional bond generally takes several years to develop." *In re Alyssa W.*, 217 W. Va. 707, 711, 619 S.E.2d 220, 224 (2005). Rather than supporting her position regarding a less-restrictive dispositional alternative, the child's young age actually supports the circuit court's finding that termination of petitioner's parental rights was necessary for the child's welfare and in order to achieve permanency. *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4 (finding that "children under the age of three years . . . are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements").

According to West Virginia Code § 49-4-604(b)(6) (2019), a circuit court may terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and that termination is necessary for the child's welfare. Given the analysis above regarding the circuit court's findings on these issues, it is clear that termination of petitioner's parental rights was not in error. Moreover, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find that the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 4, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison